# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Leury Matos Mendez, ) | Civil Action No.: 5:20-cv-00020-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Stevie M. Knight, Warden at FCI Estill, SC; ) | |
| W.E. Mackelburg, Former Warden at FCI Estill, ) | |
| SC; Dr. Lepiane, Physician at FCI Estill, SC; ) | |
| Frazier, Health Services Personnel at FCI Estill, ) | |
| SC At FCI Estill, SC; and Garcia, Physician ) | |
| Assistant at FCI Estill, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Leury Matos Mendez ("Plaintiff"), proceeding pro se,[1] filed this action against various prison and health officials at FCI Estill (collectively "Defendants") pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 43 U.S. 388 (1971). (ECF No. 40.) This matter is before the court on Defendants' Motion to Dismiss pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. (ECF No. 69.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On June 24, 2021, the Magistrate Judge issued a Report and Recommendation (ECF No. 98) recommending that the court dismiss the action against Defendants because Plaintiff failed to meet the mandatory exhaustion requirements under 42

---

[1] "Because he is a pro se litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

U.S.C. §1997e(a).  (ECF No. 98 at 8.)  For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** Defendants' Motion to Dismiss, and **DISMISSES** the action against Defendants.

## I.     BACKGROUND

Plaintiff filed his initial action on January 2, 2020.  (ECF No. 1.)  On July 7, 2020, he filed an Amended Complaint alleging that Defendants had not provided sufficient medical treatment while Plaintiff was incarcerated at FCI Estill.  (ECF No. 40.)  Specifically, Plaintiff alleges he began to experience health issues, including lung and lower back pain, while he was incarcerated at FCI Oakdale in Louisiana in 2015.  (*Id.* at 4 ¶ 1.)  Plaintiff was put on chronic care status, and subsequent treatment provided by the Bureau of Prisons ("BOP") indicated that Plaintiff had three nodules scattered throughout his lungs, which suggested lung cancer.  (*Id.* at 4 ¶ 2.)  Mineral deposits and stones in Plaintiff's gallbladder and punctuated cysts in Plaintiff's kidney were also found, and Plaintiff complained of vomiting blood and of chest pains at a subsequent chronic care visit.  (*Id.* at 4–5 ¶¶ 3–4.)

Plaintiff received medical treatment from various healthcare providers, some of whom were employed by the BOP and some of whom were not.  (*Id.* at 5 ¶ 5.)  Plaintiff received conflicting diagnoses during this treatment.  (*Id.*)  He claims the BOP now "refuses to provide the constitutionally-mandated treatment" despite his constant chest and kidney pain, his consistent findings of blood in his urine and vomit, and the internal growths he says are signs of cancer.  (*Id.* at 5 ¶¶ 5–6.)  He specifically alleges that Defendants are liable for the "negligent care" he has received and that he "continues to suffer severe pain, sleeplessness, continuous vomiting, painful urinations, and anxiety due to this negligence."  (*Id.* at 6 ¶ 7.)  He further claims that Defendants "colluded to cause [Plaintiff] undue pain and suffering . . . through their cruel and unusual

punishment, in violation of the United States Constitution and the Federal Bureau of Prisons own Program Statements." (*Id.* at 6–7 ¶ 9.)  For relief, Plaintiff requests between $2,000,0000.00 and $20,000,000.00 and "immediate, emergency injunctive relief." (*Id.* at 6 ¶ 8.)

On November 30, 2020, Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF No. 69.)  Defendants' primary argument is that the court lacks subject matter jurisdiction because Plaintiff has not properly exhausted available administrative remedies.  (*Id.* at 10–11.)  According to Defendants, Plaintiff has only ever filed two grievances related to his medical care.  (*Id.* at 11.)  The first, Remedy ID No. 1012018-R2, "was filed on March 27, 2020, almost 4 months after the Complaint was filed in this case." (*Id.*)  The second, Remedy ID No. 1045271-F1, was filed "on September 8, 2020, over 9 months after the filing of [Plaintiff's] Complaint." (*Id.*)  Both grievances were rejected and are currently on appeal at the Regional level.  (*Id.*)  In a Response filed June 7, 2021, Plaintiff argues "that any further attempt to exhaust this process would be futile." (ECF No. 95.)  The Magistrate Judge recommended granting Defendants' Motion to Dismiss in the Report issued June 24, 2021.  (ECF No. 98.)  The deadline for filing objections to this Report passed on July 8, 2021, without any objections being filed.

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made.  *See Diamond v. Colonial Life*

3

*& Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

### III.     ANALYSIS

A.     <u>The Magistrate Judge's Report</u>

In the Report, the Magistrate Judge explained that the statutory exhaustion requirement has two purposes: "First, it gives an administrative agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court[.]'"  (ECF No. 98 at 6 (alteration in original) (quoting *Woodford v. Ngo*, 548 U.S. 81 (2006)).)  "Second, '[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.'"  (*Id.*)  Consequently, the Magistrate Judge concluded that "[a]ny consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of" the statutory exhaustion requirements.  (*Id.*)  Further, "[a]n inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement."  (*Id.* at 8 (citing *Akins v. United States*, No. 3:04-23200-MBS-JRM, 2006 WL 752845, at *2 (D.S.C. Mar. 22, 2006), *aff'd*, 202 F. App'x 592 (4th Cir. 2006)).)

Accordingly, the Magistrate Judge found that Plaintiff's grievances filed after his Complaint were not sufficient to meet the statutory exhaustion requirement and that Plaintiff's claim was barred because of his failure to complete the grievance process. (*Id.* at 7–8.)  The Report recommended dismissal under Federal Rule of Civil Procedure 12(b)(1) for these reasons, and Defendants' remaining arguments were not addressed.  (*Id.* at 8 & n.2.)

B. The Court's Review

The Magistrate Judge advised the parties of their right to file specific written objections to the Report within fourteen (14) days of the date of service or by July 8, 2021. (ECF No. 98-1 at 1 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).) However, none of the parties filed any objections before the deadline.

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby*, 718 F.2d at 199. Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315 (quoting an advisory committee note on Fed. R. Civ. P. 72). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After conducting a thorough review of the Report and record in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation, (ECF No. 98), **GRANTS** Defendants' Motion to Dismiss (ECF No. 69), and **DISMISSES** the Amended Complaint (ECF No. 40) against Defendants in this action.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 19, 2021
Columbia, South Carolina

5